A. B. NEWLIN AND J. H. STAPLES v. SAMPSON
ROGERS.
### No. 116.

1. MUTILATED CASE-MADE—*court declines to consider alleged error in.* Where certain pages of the case-made do not speak the truth, and we are unable to determine from the evidence introduced before us whether those pages were in the case-made at the time the case-made was settled by the trial judge, we will decline to consider the errors alleged to be shown by such pages.

2. TREBLE DAMAGES—*proper under petition in this case.* The petition in this case fairly states a case for treble damages under section 1, chapter 113 (¶ 7157), General Statutes of 1889, and the court did not err in overruling a motion to make the allegations of the petition more definite and certain.

3. LAND TITLE—*not involved in dispute as to location merely.* A dispute as to the location of a tract of land is not a dispute as to the title to said tract; and in an action for treble damages for trespass in carrying away grain, it is competent to show where the lines of plaintiff's farm are situated, for the purpose of showing that he is not the party injured.

Error from Kiowa District Court. Hon. W. O. Bashore, Judge. Opinion filed December 15, 1897. *Reversed.*

*J. W. Davis,* for plaintiffs in error.

*L. M. Day, E. A. Fisher* and *W. H. Vernon,* for defendant in error.

DENNISON, P. J.  A motion has been filed in this case to strike the case-made from the files of this court. It is claimed that two pages have been abstracted from the case-made and two other pages inserted therein since the case-made was settled by the trial court. The two pages in controversy show that the motion for a new trial was overruled *pro forma* and recite the judgment of the court.

From the evidence introduced upon the motion to

dismiss, we are satisfied that the motion for a new trial was not overruled *pro forma*.  As to whether the case-made contained the present pages at the time it was settled, we are not so certain.  Either the judge and the attorneys for the defendant in error failed to closly scrutinize the case-made as to this statement, and assumed that the case-made was correctly made, or some one has abstracted the two pages from the case-made after it was settled.  In any event, the case-made does not state the facts and does not contain the journal entry on file in the office of the clerk of the district court of Kiowa County.

The counsel for defendant in error asks to have the case-made stricken from the files, or, in case we do not feel justified in doing this from the showing made, that we permit the record to be amended so as to correspond with the journal entry.

We will decline to consider the error based upon the record as shown by the pages questioned.  We will assume that the trial court committed no error in the manner in which it overruled the motion for a new trial, and we will review the other errors complained of.  Before leaving this subject, we desire to say that the attorney in this court for the plaintiffs in error, Hon. J. W. Davis, of Greensburg, Kan., is in no way implicated in this transaction.  His connection with the case has been such that he is not responsible for the appearance of the questioned pages in the case-made, whether they were placed there at the time the case made was first prepared or after it was served.  We deem it justice to him to say that the evidence shows his conduct to have been entirely honorable.

The defendant in error, Sampson Rogers, brought this action in the District Court of Kiowa County, Kan-

912          NEWLIN v. ROGERS.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

sas, to recover from A. B. Newlin and J. H. Staples damages sustained by him by reason of the acts of the defendants in thrashing and hauling from land of which Rogers claimed to be the owner about five hundred bushels of wheat. The petition alleges that Rogers is the owner and in the possession of a certain tract of land, upon which he raised during the years 1891 and 1892 a crop of wheat, which during the summer of 1892 was harvested and stacked by him upon said land; that on September 7, 1892, the defendants, these plaintiffs in error, without the knowledge and consent of said Rogers, thrashed and carried away said wheat and converted it to their own use; that the said defendants, these plaintiffs in error, had no interest or right in the said wheat, it being on land not their own; that the value of the wheat was two hundred and fifty dollars. The prayer of the petition is for damages in the sum of seven hundred and fifty dollars.

Plaintiffs in error filed a motion to require the plaintiff below to make the petition more definite and certain by reciting the elements of damage other than the value of the wheat, upon which five hundred dollars is asked. The court overruled the motion and the plaintiffs in error complain of this ruling. The petition fairly states a case for treble damages under section 1, chapter 113 (¶ 7157), General Statutes of 1889. The real damage is two hundred and fifty dollars, and treble damages are seven hundred and fifty dollars.

The plaintiffs in error contend that the court erred in refusing to admit competent evidence offered by them, and also in refusing to instruct the jury as requested by them. They also contend that the instructions given by the court were erroneous, and

prejudicial to the material rights of said plaintiffs in error. It is not denied by the evidence that Rogers is the owner of the tract of land named in the petition, nor that the plaintiffs in error took the wheat. The plaintiffs in error, under the general denial contained in their answer, attempted to justify their taking by showing that the wheat, or a portion thereof, grew upon the quarter-section of land lying immediately south of the land of Rogers, which was owned by Emma Newlin, the wife of A. B. Newlin and the daughter of J. H. Staples, and that the wheat was stacked upon her land.

The pivotal question to be determined in this case is, Who owns the land upon which the wheat was grown and stacked? If Mrs. Newlin owned the land, then Rogers was not the injured person; and if the plaintiffs in error were trespassers, Mrs. Newlin was the injured party, and could maintain an action against them. The court should have permitted the introduction of evidence to show where the division line was between the two farms. The court gave the jury the following instructions:

"2. Upon the question of the ownership of the lands, you are instructed that it is not necessary to a recovery in this action that plaintiff should own said lands in absolute fee simple, but it is enough if the plaintiff was in the possession and actual occupancy of said lands under color of title."

Color of title is defined as apparent right.

"3. It is admitted by the defendants that they took from said lands the wheat raised on the land in question, and the only question for you to determine is the amount of the wheat so taken and the value thereof. If you find from the evidence that the plaintiff was in the possession of the lands upon which said wheat was grown, at the time of the sowing and at the

58—58 KAN.

time of the harvest of said wheat, and that the plaintiff sowed said wheat on said lands and harvested it, then you are further instructed to ascertain the amount of the wheat so taken, and the value thereof at the highest market price since the time of the taking and appropriation of said wheat, and render your verdict in favor of the plaintiff for three times the value of the wheat so taken.

"4. You are further instructed that you need not consider any evidence adduced in this case upon any of the surveys made or pretended to have been made and testified about in your presence.

"5. You are further instructed that, where the title or ownership of land is in dispute and undetermined by legal process, the party in possession of said land is presumed to hold the superior title to the same until the contrary is established by due process of law in some judicial tribunal having jurisdiction to hear and determine the title in dispute."

These instructions certainly do not fit the facts in this case, whatever may be said as to their being correct statements of law.    There is no title to land in dispute in this case.    There is no contention that Rogers is not the owner of his quarter-section of land, or that Mrs. Newlin is not the owner of her quarter-section of land.    The only controversy is as to where the division line between the two quarter-sections is situated. Rogers claims that it is south of the wheat stacks. The plaintiffs in error claim that it is north of the wheat stacks.    If Rogers' claim is well founded, the wheat was upon his land and he is entitled to judgment.    If the claim of the plaintiffs in error is correct, the wheat was upon the land of Mrs. Newlin and the defendant in error was not entitled to a judgment for treble damages against the plaintiffs in error.

The plaintiffs in error were entitled to introduce evidence to show where the line was situated, and

were entitled to have the question submitted to the jury under proper instructions.

The defendant in error was notified by Mr. Staples, when he was plowing the land for wheat, that the line was in dispute and that he had better not plow the land until it was determined where the line was. He gave no heed to this warning, but proceeded to plow the land and sow and harvest the crop. If the land belonged to Mrs. Newlin, then Rogers certainly cannot claim to hold the land under color of title. His title was to one quarter-section. If the land upon which the wheat was grown and stacked was actually outside of the boundaries of that quarter-section, then he had no color of title to it. A dispute as to the location of a tract of land is no dispute as to the title to said tract.

The judgment of the District Court is reversed, and the case remanded for a new trial.